**Gateno LAMARCA, Plaintiff—Appellant,**

City of Henderson, a political subdivision of the State of Nevada, d/b/a City of Henderson Police Department and City of Henderson Fire Department, Plaintiff—Appellee,

v.

P. MOERS, Sgt., # 601, individually, and in his official capacity as a police officer of the City of Henderson; D. Dawson, Officer, # 653, individually, and in his official capacity as a police officer of the City of Henderson; R. Matuszak, Officer, # 794, individually, and in his official capacity as police officer of the City of Henderson, Defendants—Appellees.

No. 04–16126.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2006.*

Filed Feb. 22, 2006.

Cal J. Potter, III, Esq., Michael Weisman, Esq., Potter Law Offices, Las Vegas, NV, for Plaintiff–Appellant.

Walter R. Cannon, Esq., Thomas D. Dillard, Jr., Esq., Rawlings Olson Cannon Gormley & Desruisseaux, Las Vegas, NV, for Plaintiff–Appellee/Defendants–Appellees.

Before: HALL, SILVERMAN, and GRABER, Circuit Judges.

MEMORANDUM **

Gateno Lamarca appeals the district court's grant of summary judgment to the City of Henderson and certain individually named police officers (collectively Defendants) in his § 1983 action. We affirm.

Lamarca alleges that Defendants acted with deliberate indifference toward his medical condition after his arrest, in viola-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tion of the Fourteenth Amendment. Far from acting with deliberate indifference toward Lamarca's health, the Defendants sought and obtained two independent medical evaluations of Lamarca to ensure his health would not be at risk by being jailed. Additionally, the Defendants contacted Lamarca's roommate to ensure he did not have any medical conditions and that he was not on any medication. Lamarca cannot point to any evidence showing the Defendants were deliberately indifferent. *See Toguchi v. Chung,* 391 F.3d 1051 (9th Cir.2004).

Lamarca also alleges a claim under *Monell v. Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, Lamarca has failed to produce any evidence showing that the City of Henderson had a custom or policy which caused Lamarca's alleged constitutional violations.

Lamarca has waived appeal of his probable clause claim, and we will not consider it. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999); *see also Leer v. Murphy,* 844 F.2d 628, 634 (9th Cir.1988).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.